UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHEVAL INTERNATIONAL and AUGUST K. ANDERSON,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>SMARTPAK EQUINE, LLC,<br><br>　　　　　　Defendant. | CIV. 14-5010-JLV<br><br><br>ORDER |

**PROCEDURAL HISTORY**

　　　　Plaintiffs Cheval International and August K. Anderson (hereinafter collectively referenced as "Cheval") commenced this action against SmartPak Equine, LLC ("SmartPak") on February 24, 2014, by filing a summons and complaint with the Clerk of Court. (Dockets 1 & 4). SmartPak was served with the summons and complaint on February 27, 2014. (Docket 6). Attorney Thomas Fritz filed a notice of appearance on SmartPak's behalf on March 17, 2014. (Docket 7). Initially, SmartPak had until March 20, 2014, to answer Cheval's complaint. Fed. R. Civ. P. 12(a)(1)(A)(i) (A defendant must serve its answer within 21 days after being served with a summons and complaint.).

　　　　However, on March 19, 2014 the parties filed a "stipulated motion to extend time to file answer to complaint." (Docket 8). In this motion, SmartPak and Cheval "jointly move[d] this Court to extend the deadline by thirty (30) days for Defendant SmartPak Equine LLC to file and serve its

Answer, which would extend the deadline to April 18, 2014." Id. On March 20, 2014, the court granted the parties' stipulated motion and ordered defendant to "file its answer by April 18, 2014." (Docket 9). On April 18, 2014, SmartPak filed a motion to dismiss Cheval's claims for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Docket 10).

Cheval did not respond to the merits of SmartPak's motion to dismiss. (Dockets 17, 18, 21). Rather, Cheval asserts that SmartPak failed to file and serve its Rule 12(b)(6) motion to dismiss by the March 20, 2014, deadline and, as a result, SmartPak has not yet served its answer to Cheval's complaint. (Dockets 17, 18, 21). On these grounds, Cheval moves for a default judgment against SmartPak under Rule 55(a). (Dockets 17 at p.1; 18 at pp. 6-8). Cheval urges the court not to take judicial notice of SmartPak's exhibits 3 and 5 through 18 when considering SmartPak's Rule 12(b)(6) motion to dismiss. (Docket 21 at p. 7, n.1); see also Dockets 12-3 & 12-5 to 12-18 (The exhibits SmartPak requests the court to judicially notice which Cheval opposes.).

Cheval alternatively requests a court order requiring SmartPak to answer plaintiffs' complaint within five days of the entry of the court's opinion resolving SmartPak's motion to dismiss. (Docket 18 at pp. 1, 7.) If the court determines SmartPak's motion to dismiss was timely filed, Cheval requests 21 days from the date of the court's order to respond to the merits of SmartPak's motion to dismiss under Rule 6. Id. Additionally, if the court finds a default

2

judgment is not warranted, Cheval requests the entry of a scheduling order under Rule 16(b).  (Dockets 18 at p. 7).  SmartPak agreed to the appropriateness of the parties holding a Rule 26(f) conference while its motion to dismiss was pending.  (Dockets 20 at p. 6; 20-1 at p. 1).

## ANALYSIS

**1.    SmartPak Timely Filed Its Motion to Dismiss**

Cheval claims the court should enter a default judgment in its favor because SmartPak failed to timely file its motion to dismiss.  Cheval asserts it joined in SmartPak's motion to extend the time in which SmartPak could file and serve its answer to Cheval's complaint with the understanding that SmartPak's "answer" would comport with "pleadings" as enumerated in Rule 7.  (Docket 18 at pp. 4-6).  Cheval argues SmartPak's Rule 12(b)(6) motion to dismiss was not an "answer" at all, and the court's order granting SmartPak until April 18, 2014, to file its "answer" is inapplicable to a motion to dismiss. Id.  Cheval claims SmartPak's motion to dismiss should be denied as untimely filed after the expiration of the original March 20, 2014, deadline in which SmartPak was required to respond to Cheval's complaint.  (Docket 21 at pp. 5-6).  Cheval further asserts "the only plausible purpose for SmartPak's Motion to Dismiss is to delay these proceedings." Id. at 6.

"Unless another time is specified . . . [a defendant must] . . . serv[e] a *responsive pleading* [including an answer] . . . within 21 days after being served with the summons and complaint. . . ."  Fed. R. Civ. P. 12(a)(1) (emphasis

added).  "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the defense[] [of failure to state a claim upon which relief can be granted] by motion."  Fed. R. Civ. P. 12(b). "A motion asserting [the defense of failure to state a claim upon which relief can be granted] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  It naturally follows that "[a]ny effective extension of time granted to a defendant to file an answer, such as this extension, preserves the right to move under 12(b)."  Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp. 2d 993, 995 (D. Neb. 1998) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1361, at 449 (2d ed. 1990)).

Courts have long accepted the premise that where a "an extension of time has been allowed for filing a responsive pleading, logic and reason . . . appear to dictate that the extension should apply to a [Rule 12(b)] motion as well." Bechtel v. Liberty Nat. Bank, 534 F.2d 1335, 1341 (9th Cir. 1976) (citing Didactics Corp. v. Welch Scientific Co., 291 F. Supp. 890 (N.D. Ohio 1968)); see also Gray, 12 F. Supp. 2d at 995; Ward v. City of Philadelphia, Civ. A. No. 87-2746, 1988 WL 131362, at *3 (E.D. Pa. Nov. 29, 1988) ("An extension of time for the filing of a responsive pleading, such as an answer, would apply with equal force to the filing of a Rule 12 motion."); Blanton v. Pac. Mut. Life Ins. Co., 4 F.R.D. 200, 205 (W.D.N.C. 1944) (holding that in the context of a motion for a bill of particulars or to strike under Rule 12(e) and (f), respectively, where a defendant was granted an enlargement of time to answer the complaint, "it

carried with it an enlargement of time for filing any preliminary motion"); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361, at 97 (3d ed. 2004) ("Of course, any effective extension of the period in which to serve a responsive pleading preserves the right to make a motion under Rule 12(b) during the enlarged time."); but see Ju Shu Cheung v. Dulles, 16. F.R.D. 550, 552 (D. Mass. 1954) ("While I realize there is a split of authority, I prefer the view that an extension of time for 'answer', without more, should not be taken to extend the time for filing dilatory or other pleas.  The order should be explicit. . . . If the defendant has other pleadings in mind this should be made evident at the time that an extension is requested.").

Although there may be a split of authority as to whether an extension of time to answer a complaint also extends the time for further pleadings, this court finds that it does.  As demonstrated above, the great weight of authority on the issue supports the court's interpretation that an "extension of time granted to a defendant to file an answer . . . preserves the right to move under 12(b)." Gray, 12 F. Supp. 2d at 995.  Furthermore, where the pleading raises a Rule 12(b)(6) defense, which could also be raised in the answer or on the merits at trial, best practices dictate that the merits of the pleading be addressed at the outset of the lawsuit.  Ward, 1988 WL 131362, at *2.

The court does not accept Cheval's invitation to parse the extension language and factual background of every case where courts ultimately upheld this general principle.  Cheval joined in SmartPak's motion for an extension of

time in which to answer Cheval's complaint.   If Cheval sought to exclude other responsive pleadings from the extension, the *joint* motion should have clearly delineated the limits of the extension.

## 2.     Judicial Notice

SmartPak requests the court take judicial notice of nineteen separate exhibits under Federal Rule of Evidence 201(b) when adjudicating its Rule 12(b)(6) motion to dismiss.   (Dockets 11 at p. 4; 12-1 to 12-19).   The documents subject to SmartPak's request include: a certificate of amendment of Cheval's certificate of limited partnership from the South Dakota Secretary of State; certificates from the United States Patent and Trademark Office; screenshots of Cheval's website; screenshots of SmartPak's website following keyword searches of the website; screenshots of the search results obtained after performing keyword searches on Google; a screenshot of the website for Springtime, Inc.; a screenshot of the website for Your Guide to Garlic for Horse Nutrition; a Google website screenshot describing how a Google search works; a Google website screenshot describing how to remove information from Google; and a notice of publication from the U.S. Patent and Trademark Office regarding SmartPak's "SmartBug-Off" mark.   (Dockets 12-1 to 12-19).

For its part, Cheval requests the court not take judicial notice of SmartPak's exhibits as contained in Dockets 12-3 and 12-5 to 12-18. (Docket 21 at p. 7, n.1).   Cheval introduces eight separate exhibits of its own challenging the accuracy of the search results furnished by SmartPak.

(Dockets 19-3 to 19-10); see also Docket 18 at pp. 8-9.  Cheval also asserts many of the exhibits provided by SmartPak are easily manipulated and are in contravention of D.S.D. Civ. LR 83.5 because they are not in permanent form. (Docket 18 at 9).

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "Courts may properly take judicial notice of newspapers and other publications as evidence of what was in the public realm at the time, but not as evidence that the contents in the publication were accurate. . . . Unless the newspaper articles contain matter that has not been disputed . . . ."  Barron v. S. Dakota, No. Civ. 09-4111, 2010 WL 9524819, at *3 (D.S.D. Sept. 30, 2010) *aff'd sub nom.* Barron ex rel. D.B. v. S. Dakota Bd. of Regents, 655 F.3d 787 (8th Cir. 2011) (citing Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 401 n.15 (3d Cir. 2006)).

Courts also may take judicial notice of documents from the U.S. Patent and Trademark office which "are public records subject to judicial notice on a motion to dismiss."  Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004) (citations omitted).  Further, "[i]t is not uncommon for courts to take judicial notice of factual information found on web sites."  Barron v. S. Dakota, No. CIV.

09-4111, 2010 WL 9524819, at *3 (citations omitted).   However, "[a] court must use caution in determining that a fact is beyond controversy and must avoid admitting evidence through the use of judicial notice in contravention of the relevancy, foundation, and hearsay rules."   Id. (citing Am. Prairie Const. Co. v. Hoich, 560 F.3d 780, 797 (8th Cir. 2009).

Cheval does not object to the court taking judicial notice of the documents from the U.S. Patent and Trademark Office as contained in Dockets 12-1, 12-2, 12-4 and 12-19.   (Docket 21 at p. 7 n.1).   Cheval challenges the accuracy, veracity and ultimate effect of the search results and website screenshots contained in Dockets 12-3 and 12-5 to 12-18.

The cases cited by SmartPak in support of its assertion that courts take judicial notice of Google search results demonstrate only that courts have taken judicial notice of a geographic location or distance measurement as compiled by Google or a similar website.   See Dockets 11 at p. 5 n.4; 20 at p. 7; See, e.g., Pahls v. Thomas, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (taking judicial notice of a map provided by Google Maps); Citizens for Peace in Space v. City of Colorado Springs, 477 F.3d 1212, 1218 n.2 (10th Cir. 2007) (taking judicial notice of distance calculation which relied on information provided by Google Maps); Access 4 All, Inc. v. Boardwalk Regency Corp., No. Civ. A. 08-3817 RMB, 2010 WL 4860565, at *6 n.13 (D.N.J. Nov. 23, 2010) (taking judicial notice of information obtained from Google Maps).

Only one case, S. Grouts & Mortars, Inc. v. 3M Co., references a Google search result.   No. 07-61388-CIV, 2008 WL 4346798, at *16 (S.D. Fla. Sept. 17,

2008).  However, in that case, the court performed its own Google search to demonstrate that contrary to the plaintiffs' assertions it was readily apparent which website domains were registered (or not) to 3M as well as to highlight the "obviously legitimate connection [of certain domains] to 3M."  Id.  The case does not stand for the proposition that courts frequently take judicial notice of Google search results.

Although the court may take judicial notice of factual information found on a website, where the material sought to be noticed is merely the contents of a Google search result, more caution is required.  The contents of a disputed Google search result in this case should be treated no more favorably than the disputed contents of a hardcopy newspaper or periodical, that is, only as evidence of what was in the public realm at the time.  See Barron, 2010 WL 9524819, at *3 (citations omitted).  The court acknowledges its lack of technical expertise regarding the algorithms and crawling and indexing techniques used by search engine providers like Google or other third-party websites like those of Cheval or SmartPak, when providing keyword search results.  For these reasons, prudence cautions the court to hesitate before "determining that [the search results and screenshots are] beyond controversy."  Id. at *3.

The better approach is to convert SmartPak's Rule 12(b)(6) motion to dismiss to a motion for summary judgment under Rule 56(a).

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties

> must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); see also Barron ex rel. D.B., 655 F.3d at 791.

Both parties presented disputed information from outside the pleadings in support of their positions. (Dockets 12 & 19). Factual evidence regarding whether, to what extent, and the context in which Cheval's products appeared on SmartPak's website, as shown by the results of keyword searches on a search engine or on SmartPak's website itself, is necessary for the proper adjudication of Cheval's claims and SmartPak's defenses. SmartPak's arguments in support of its motion to dismiss Cheval's claims rely, at least in part, on the court's acceptance of some combination of the search result exhibits, website screenshots or other "judicially noticeable facts" which SmartPak requests the court consider when adjudicating its Rule 12(b)(6) motion to dismiss.[1] (Docket 11; see also pp. 13, 14, 18, 19) (referencing "judicially noticeable facts"). Additionally, Cheval has not yet responded to the merits of SmartPak's Rule 12(b)(6) motion to dismiss and has requested 21 days from the date of the court's ruling within which to respond to the motion. (Docket 21 at pp. 7-8). Neither side will be prejudiced by the conversion of SmartPak's motion to dismiss to a motion for summary judgment.

For these reasons, the court treats SmartPak's Rule 12(b)(6) motion to dismiss as a motion for summary judgment under Rule 56(a). Barron ex rel.

---

[1] SmartPak's assertion that Mr. Anderson lacks standing to bring suit also prematurely reaches a factual conclusion regarding Mr. Anderson's ability to sue under SDCL § 48-7-1001. (Docket 11 at pp. 19-20).

D.B., 655 F.3d at 791 (quoting Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000) ("[A] party against whom this procedure is used . . . is normally entitled to notice that conversion is occurring."). The court will consider the parties' factual positions under Rule 56(c) and (e).

## ORDER

Accordingly, and good cause appearing, it is hereby

ORDERED that plaintiffs' objection (Docket 17) is overruled. Defendant shall have 21 days from the date of entry of this order to file and serve a statement of material facts. Plaintiffs shall respond to defendant's motion for summary judgment (Docket 10) within 21 days from the date of service of defendant's statement of material facts. Defendant may file and serve its reply brief within seven days of service of plaintiffs' response.

IT IS FURTHER ORDERED that plaintiffs and defendant are on notice that the court has converted defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss (Docket 10) to a motion for summary judgment under Fed. R. Civ. P. 56(a).

IT IS FURTHER ORDERED that if plaintiffs seek a preliminary injunction, they must file and serve a motion with a supporting brief and affidavits in accordance with Fed. R. Civ. P. 65 and D.S.D. Civ. LR 65.1.

Dated February 26, 2015.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        CHIEF JUDGE