UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
NOV 22 2016
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CHEVAL INTERNATIONAL and<br>AUGUST K. ANDERSON, | * | CIV. 14-5010 |
| Plaintiffs, | * | |
| -vs- | * | ORDER |
| SMARTPAK EQUINE, LLC,<br>PAAL GESHOLT and<br>REBECCA MINARD, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, August Anderson, has moved this Court for an Order allowing her to "turn Cheval International back into her own sole proprietorship," and to allow the sole proprietorship to be substituted as a plaintiff in place of the limited partnership so that August Anderson can represent both plaintiffs pro se. (Doc. 104 at p.2.)

In their response, Defendants argue that the limited partnership structure of Cheval International has not been dissolved and cannot be ignored. (Doc. 110 at p. 5.) Defendants point out that the proper forum for judicial dissolution of a limited partnership is the state circuit court, *see* SDCL § 48-7-802. But state law also provides for nonjudicial dissolution, *see* SDCL § 48-7-801. Anderson states that she is capable of changing Cheval International into a sole proprietorship in "less than two weeks." (Doc. 104 at p. 3.)

Although the Court has found no South Dakota decisions on this point, courts in other jurisdictions have explicitly recognized that a sole proprietorship is not a separate entity from its owners. *See, e.g., West Bend Mut. Ins. Co. v. Allstate Ins. Co.*, 776 N.W.2d 693, 706 (Minn. 2009) ("[U]nlike a sole proprietorship, a corporation is a separate legal entity from its owners and shareholders."); *Kenville v. United States*, 1997 WL 1037853, at *4 (D.N.D. Nov. 6, 1997) ("[S]ole

proprietorships are not considered separate legal entities from the owner"); *Bethel v. Sunlight Janitor Serv.*, 551 S.W.2d 616, 621 (Mo. 1977) (en banc) ("[s]ole proprietors ... are not separate and distinct from the business they own."); *see also Geneva College v. Sebelius*, 929 F.Supp.2d 402, 429 (W.D.Pa.2013) (explaining that "there [was] no legal separation between [the sole proprietorship] and its owner," that the sole proprietorship's "claims are actually [the owner's] claims," and the owner could "assert in his own name the claims asserted by [the sole proprietorship]" (citing 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 23 (2012))).

Courts in other jurisdictions in which sole proprietorships are viewed as having no independent legal existence have allowed sole proprietorships to proceed pro se. *See, e.g., Hudson Valley Black Press v. Internal Revenue Serv.*, 307 F.Supp.2d 543, 544 and n. 2 (S.D.N.Y. 2004) (noting that plaintiff, a sole proprietorship, may appear pro se in federal court); *Lowery v. Hoffman*, 188 F.R.D. 651, 653-54 (M.D.Ala. 1999) ("An individual owner may in general represent a sole proprietorship, for a sole proprietorship and its owner are essentially one and the same."); *see also RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n. 4 (4th Cir. 2007) (recognizing that a sole proprietorship may litigate pro se because it has no legal identity separate from the proprietor); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (same).

If Plaintiff Anderson intends to convert Cheval International from a limited partnership to a sole proprietorship, she must move quickly to dissolve the limited partnership and to provide this Court and opposing counsel with proof that the legal structure of the company has been changed to a sole proprietorship. If the proof is sufficient, the Court will allow substitution of the named plaintiff as "August Anderson, d/b/a/ Cheval International, a sole proprietorship,[1]" and will allow

---

[1] This is in conformity with a South Dakota Supreme Court case filed on behalf of a sole proprietorship. *See Wasserburger v. Consolidated Management Corp.*, 459 N.W.2d 561 (S.D. 1990).

the plaintiff to proceed pro se.[2] This Court intends to keep the dates set forth in the Scheduling Order issued on October 14, 2016.

Furthermore, even though Plaintiff Anderson did not intend the Court to see her emails to Defendants' counsel sent on October 26 and 27, 2016, copies of the emails were attached to Defendants' Response to Plaintiff Anderson's Response to Motion to Withdraw. (Doc. 110.) Though Plaintiff may harbor ill feelings toward Defendants, she cannot allow her ill feelings to influence her conduct towards Defendants or their lawyers. We are to deal with one another with respect and not call opposing counsel "Spawns of Satan" or "Devil's Minions." This type of antagonistic behavior needs to end, and the Court will expect a higher standard of conduct to exist from now on. Accordingly,

IT IS ORDERED:

(1) That on or before December 16, 2016, Plaintiff Anderson must file with the Clerk and serve on opposing counsel proof that the legal structure of Cheval International has been changed to a sole proprietorship.

(2) That if Cheval International is not converted to a sole proprietorship it must obtain new counsel of record on or before December 16, 2016.

---

[2]Rule 25(c) of the Federal Rules of Civil Procedure governs the substitution of parties during pending litigation due to a transfer of interest such as corporate dissolution. *See Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 (8th Cir. 1978). Further, Rule 25(c) "is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." *ELCA Enter., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (citing *Gen. Battery Corp. v. Globe–Union, Inc.*, 100 F.R.D. 258, 261 (D.Del. 1982)) (internal quotations omitted). It is a "procedural rule that is necessary for the efficient functioning of the federal courts ... [and] it allows for the efficient operation of the federal courts in the event of a transfer of interest." *Gen. Battery Corp.*, 100 F.R.D. at 262–63. The decision whether to allow substitution is discretionary. *Froning's, Inc.*, 568 F.2d at n. 4.

Dated this 22nd day of November, 2016.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
   (SEAL)    DEPUTY