UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF SOUTH DAKOTA

MAR 1 4 2017

WESTERN DIVISION

CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| CHEVAL INTERNATIONAL and AUGUST K. ANDERSON, | * * * * | CIV 14-5010 |
| Plaintiffs, | * * | |
| -vs- | * * | MEMORANDUM OPINION AND ORDER ON MOTION TO AMEND COMPLAINT |
| SMARTPAK EQUINE, LLC, PAAL GISHOLT and REBECCA MINARD, | * * * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiffs Cheval International (Cheval) and August K. Anderson (Anderson) have filed a Motion for Leave to Amend the Amended Complaint pursuant to Federal Rule of Civil Procedure 15. (Doc. 114.) For the following reasons, the motion will be denied in part and granted in part.

## BACKGROUND

The Complaint in this case was filed on February 24, 2014. Much of the background underlying this lawsuit is set forth in the Memorandum Opinion and Order on Motion for Summary Judgment issued on March 15, 2016, where this Court granted in part and denied in part Smartpak's motion for summary judgment. (Doc. 60.) Those rulings allowed Plaintiffs to proceed with their claims for Trademark Infringement, Unfair Competition, and False Description as to the trademarks "Black-As-Knight," "Gold-As-Sun," and "Red-D-Vinity." Plaintiffs' state law claims for defamation, tortious interference with business expectancy, unfair competition and trademark infringement also withstood summary judgment. Summary judgment was granted in favor of SmartPak as to the marks "Bug-Off" and "Inside-Out" on all counts of the complaint, and also on the state law deceptive trade practices claim.

After the decision on summary judgment, new counsel noticed their appearances for Plaintiffs. Counsel moved to amend the complaint in June 2016, and the Court granted the motion to amend on August 23, 2016. (Doc. 82.) The Amended Complaint, filed over two years after the original complaint was filed, added two defendants, Paal Gisholt and Rebecca Minard. (Doc. 83.) A different mark was alleged in the trademark claim in Count I for SmartPak's use of the registered SmartTranquility mark, which Plaintiffs allege infringes on their "Tranquility Oil" mark. (Doc. 83, §§ 87, 88.) Allegations were added to the unfair competition/false advertising claim in Count II for three products that were not included in the original complaint: "White-As-Snow," "Lame-A-Way," and "Silver Horse." (Doc. 83, § 92.) Count III of the Amended Complaint added a new state law claim for breach of the common law duty of good faith and fair dealing. (Doc. 83, § 98.) Finally, Plaintiffs asserted two new claims in Counts VI and VII of the Amended Complaint for cancellation of SmartPak's registered trademarks "SmartBug-Off" (doc. 83,¶ 128) and "SmartTranquility" (doc. 83, ¶ 137). The state trademark infringement claim that was in the original complaint was not asserted in the Amended Complaint.

On September 27, 2016, Defendants answered the Amended Complaint and moved to dismiss Rebecca Minard. (Docs. 89, 90.)

On October 14, 2016, the Court issued a Scheduling Order setting the deadline to move to join additional parties and to amend the pleadings for November 1, 2016, the discovery deadline for February 28, 2017, the motion deadline for March 30, 2017, the pretrial conference for July 5, 2017, and the jury trial for August 22, 2017. (Doc. 93.)

In November 2016, Plaintiffs fired their new lawyers. The Court allowed Anderson time to cancel the limited partnership registration of Cheval, and Anderson subsequently submitted documentation showing that Cheval was changed to a sole proprietorship. (Docs. 103, 113.)

The Court granted SmartPak's motion for a protective order on November 22, 2016. (Doc. 111.) On December 13, 2016, Anderson filed a motion to "clarify" the Protective Order to allow her

2

to have access to documents that SmartPak has designated as Attorneys' Eyes' Only (doc. 113), which SmartPak opposed (docs. 116, 118). Anderson's reply included a motion for further relief (doc. 120)[1], which SmartPak also opposed (doc. 121).

On December 16, 2016, Anderson moved for leave to file a second amended complaint to add fraud and RICO claims and a new defendant, Henry Schein. (Docs. 114, 115.) Henry Schein is a publicly traded company which Anderson believed purchased a 60% ownership interest in SmartPak in 2014.[2] (Doc. 114-1, ¶¶ 6, 7(b), 159.) The fraud and RICO claims are asserted in Counts VIII and IX of the proposed second amended complaint. The state trademark infringement claim alleged in Count X was in the original complaint but not in the first amended complaint.

Anderson asserts that she was unable to amend her complaint prior to the November 1, 2016 deadline because Defendants did not respond to any discovery until December 22, 2016. (Doc. 124 at 12.) Defendants oppose the motion for leave to file a second amended complaint, arguing that Anderson was aware of the claims she seeks to add, as well as the new party, as early as July 2015. (Doc. 122 at 5.)

---

[1]In docket no. 120, Plaintiffs asked the Court to: (1) order Gisholt, a SmartPak executive, and Minard, a former executive whose motion to dismiss is pending, to appear for depositions by January 13, 2017; (2) order mediation to occur by January 13, 2017; and (3) require Defendants to produce all information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by January 13, 2017 or, alternatively, amend the Scheduling Order to reschedule the August 22, 2017 trial date to March 2017.

[2]Defendants have submitted documentation showing that Henry Schein did not purchase shares of SmartPak. Rather, two of its subsidiaries, Butler Animal Health Supply, LLC and W.A. Butler Company, acquired a 60% ownership position in SmartPak. (Doc. 123, Declaration of Richard J. Oparil at ¶¶ 3,4; Doc. 123-1 at 19; Doc. 123-2 at 91.) Anderson now asks to include Butler Animal Health Supply, LLC and W.A. Butler Company as named defendants in a second amended complaint. (Doc. 124 at 16.)

3

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). A timely motion to amend pleadings should normally be granted under Rule 15(a) absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). A district court appropriately denies the motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses Com Securities, Inc v Comprehensive Software Sys , Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted).

However, when a party seeks leave to amend a pleading outside the deadline established by the Court's scheduling order, the party must satisfy the good-cause standard of Rule 16(b)(4) rather than the more liberal standard of Rule 15(a). *Sherman v Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The "interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Id* Scheduling orders issued pursuant to Rule 16(b) "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). When a scheduling order is issued pursuant to Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Therefore, "if a party files for leave to amend [a pleading] outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman*, 532 F.3d at 716 (quoting *Popoalii v Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)) (internal quotation marks omitted). In these circumstances, "the application of Rule 16(b)'s good-cause standard is not optional." *Sherman*, 532 F.3d at 716. "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively ... read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* (internal quotation marks omitted).

The Eighth Circuit in *Sherman* also instructed that "'[t]he primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements.'" *Id* (quoting

4

*Rahn v Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), and citing Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment)). Applying this standard, the *Sherman* court found no good cause for the defendant's motion to amend to plead an affirmative defense almost eighteen months after the deadline where "no change in the law, no newly discovered facts, or any other changed circumstance made the preemption defense more viable after the scheduling deadline for amending pleadings." 532 F.3d at 718. The defendant's explanation for the delay in pleading the defense was that "at the close of discovery and during research and preparation for [Winco's] summary judgment motion... [Winco] determined the merits of the pre-emption argument." *Id* The Eighth Circuit found this to be a concession that the defendant failed to explore the applicability of the defense in a timely fashion before the summary judgment stage of the litigation. *Id*

The existence or degree of prejudice to the party opposing the modification may also be relevant under Rule 16(b), but the court need not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Sherman*, 532 F.3d at 717. The Eighth Circuit instructs that, under Rule 16(b), courts considering a belated proposed amendment should "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id* ; *see also Freeman v Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming district court's denial of untimely motion to amend complaint to add punitive damages claim, even though it was filed seven weeks before the end of discovery, because plaintiff provided no reason why punitive damages could not have been earlier alleged or why motion to amend was filed so late).

In the present case, because the Scheduling Order's deadline for amending pleadings passed on November 1, 2016, and the motion to amend was filed on December 16, 2016, the Court must apply the Rule 16(b) good-cause standard before considering whether an amendment is proper under Rule 15(a). *See Sherman*, 532 F.3d at 716

As to good cause, Anderson suggests that she was unable to amend her complaint until after the deadline for amendments because Defendants did not respond to any discovery until December 22, 2016, after the deadline. (Doc. 124 at 2, 3, 11-13.) The problem with this argument, however,

5

is that Anderson filed the motion to amend six days before she received those responses from Defendants. And Anderson's email to defense counsel shows that as early as July 30, 2015 she was talking about amending the complaint to add fraud claims and Henry Schein as a defendant.[3] But she did not file the motion to amend until 17 months later. Furthermore, in her motion to amend filed on December 16, 2016, Anderson indicates that from the beginning of the lawsuit she repeatedly asked her lawyers to add the new party and claims. (Doc. 115 at 6.) All of this shows that Anderson knew of the fraud claims and defendant Henry Schein well in advance of the deadline to add them.

Finally, Anderson asserts that she was "not given the right to act on behalf of Cheval" until Dec. 13, 2016, and that she filed her motion to amend within three days.[4] (Doc. 124 at 2, 3, 17.) But Anderson's inability to represent Cheval has not stopped her from filing motions before. In February

---

[3] Anderson's July 30, 2015 email stated, in part:

> Obviously, I will be Amending the Complaint (or if more appropriate and necessary, filing a new lawsuit) in this case to add as Defendants, including but not limited to: Paal Gisholt, Rebecca Minard, Henry Schein, Inc., Stanley M. Bergman, Kevin Vasques, Oak Hill Capital Partners, Steven B. Gruber, North Bridge Growth Equity, Doug Kinsley, and Ian Parker.

> Obviously, too, I will be Amending the Complaint (or if more appropriate and necessary, filing a new lawsuit) in this case to add further discovered and newly arising additional causes of action based on and including but not limited to: copyright infringements, violations of Federal Trade Secrets laws, multiple other counts of fraud and misrepresentation, Injurious Falsehoods, Tortious Interference with Contract, and Interference with Prospective Business Advantage.

(Doc. 123-6.)

[4] The Court assumes Anderson is referring to her November 8, 2016 request for an Order allowing her to turn Cheval into a sole proprietorship. (Doc. 104.) That request was granted on November 22, 2016, and the Court ruled that if Anderson submitted proof of the change it would allow substitution of the named plaintiff as "August Anderson, d/b/a/ Cheval International, a sole proprietorship," and would allow the plaintiff to proceed pro se. (Doc. 112 at 3.) On December 13, 2016, Anderson submitted proof that Cheval was switched to a sole proprietorship. (Doc. 113.)

6

of 2016, she filed a motion for a preliminary injunction. (Doc. 55.) On April 12, 2016, Anderson filed a motion for an expedited ruling on her motion for a preliminary injunction. (Doc. 62.) She filed a motion to turn Cheval into a sole proprietorship on November 8, 2016 (doc. 104), and a motion and request for clarification on December 13, 2016 (doc. 113). At the very least, Anderson could have moved for an extension of the deadline to add parties and amend pleadings.

But the main problem with Anderson's timing in asserting the new claims and adding new defendants is her concession that she considered doing so in July 2015. Had Anderson been diligent the amendments would have been requested much sooner, and certainly before the deadline to add claims and parties. The deadline for filing substantive motions such as motions for summary judgment is quickly approaching on March 30, 2017. Anderson has not shown that she promptly and diligently moved to present the proffered amendments after she became aware of the underlying facts possibly giving rise to the new claims and parties.

For these reasons, the Court concludes that Anderson did not diligently pursue her proposed amendments to the complaint and, therefore, she lacks "good cause" for the untimely assertion of the claims. Although the Court need not consider prejudice under Rule 16(b) if the movant has not been diligent in meeting the scheduling order's deadlines, *Sherman*, 532 F.3d at 717, the Court notes that additional discovery would be required if fraud and RICO claims are added. The only means of avoiding prejudice to new and current defendants would be to reopen discovery, extend the motion deadline, delay the pretrial scheduled for July 5, 2017, and postpone the trial scheduled for August 22, 2017. The resulting prejudice to Defendants is another reason to deny the motion to amend. Even Anderson does not want to change the trial date. (Doc. 124 at 24.)

Because Anderson has failed to show good cause to modify the scheduling order to allow her to add causes of action and defendants at this late date, the Court does not address whether the proposed amendments are futile or otherwise meet Rule 15(a)'s more permissive test which is applicable when a motion for leave to amend is filed within the time permitted by the court's scheduling order. *See Sherman*, 532 F.3d at 709 ("[i]f a party files for leave to amend outside of the

7

court's scheduling order, the party *must* show cause to modify the schedule") (internal citation and quotations omitted).  Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motion for Leave to Amend Complaint, doc. 114, is denied to the extent set forth in this Order.

2. That Plaintiffs will be allowed to submit a Second Amended Complaint solely to correct the minor errors noted in doc. 124 at pages 5-8.  In accordance with Local Rule 15.1, Plaintiffs must first submit a proposed amended complaint with the proposed changes highlighted or underlined so that they may be easily identified.

Dated this 14th day of March, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
     (SEAL)        DEPUTY

8