FILED

MAR 17 2017


CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| AUGUST K. ANDERSON d/b/a CHEVAL INTERNATIONAL, a sole proprietorship, | \* \* \* | CIV 14-5010 |
| Plaintiff, | \* \* \* | |
| -vs- | \* \* | ORDER ON ISSUES ADDRESSED DURING MARCH 15, 2017 HEARING |
| SMARTPAK EQUINE, LLC, PAAL GISHOLT and REBECCA MINARD, | \* \* \* | |
| Defendants. | \* \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On March 15, 2017, the Court held a status conference during which the parties clarified their positions on discovery issues and the Court ruled on pending motions. Plaintiff appeared pro se and Defendants appeared through counsel Richard Oparil and Thomas Fritz. Appearances were by telephone.

The Court first addressed Defendants' Motion to Dismiss Counts I and II of the Amended Complaint Against Defendant Rebecca Minard. (Doc. 90.) Prior to the hearing on March 15, Defendants had moved for dismissal of Minard pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing in their briefs that the Amended Complaint was devoid of any facts that Minard took part in acts of trademark infringement and unfair competition. In considering the 12(b)(6) motion to dismiss before the status conference, the Court viewed the allegations in the Amended Complaint in the light most favorable to Plaintiff. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (*citing Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005)). The Court accepted the allegations contained in the complaint as true and drew all reasonable inferences in favor of the nonmoving party. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Court concluded that Plaintiff pleaded sufficient facts to state

plausible claims for trademark infringement and unfair competition against Minard. Accordingly, the Court denied Defendants' motion to dismiss Minard.

The Court granted Plaintiff's Motion for Leave to Take Deposition of Rebecca Minard (doc. 94) based on their need to discover facts pertaining to Minard's involvement in the acts alleged in the Amended Complaint. (*See* doc. 96 at 2-5.)

Next, the Court discussed the effect of Plaintiff's pro se status on the terms of the Protective Order,[1] noting that the definition of "Highly Confidential - Attorneys' Eyes Only" is too broad and unworkable, especially with a pro se plaintiff. (*See* doc. 111, Protective Order at ¶ 2.) Defendants said they have not produced approximately 100 to 150 pages of documents they have designated as Attorneys' Eyes Only. They represented that about 50 additional pages of highly confidential documents subpoenaed from third party Dover Saddlery also have not been turned over to Plaintiff. The Court ruled that Defendants should submit for in camera inspection by the Court a Bates stamped copy of all documents designated as Attorneys' Eyes Only and not produced to Plaintiff. The Court will determine the relevancy of the documents, the potential for damage that could result from their disclosure, and a proper protective order should production be ordered.

Following the Protective Order discussion, the Court reviewed whether Defendants' Motion to Compel (doc. 126) had been resolved by Anderson's production of documents and the taking of her deposition. After some assurances by Anderson, counsel for Defendants indicated to the Court that the remaining issues were resolved and that the Motion to Compel is moot. The Court ruled that

---

[1] By Order issued on November 22, 2016, the Court ruled that if Anderson submitted proof that Cheval International was changed from a limited partnership to a sole proprietorship it would allow the named plaintiff to be substituted as "August Anderson, d/b/a/ Cheval International, a sole proprietorship," and would allow Plaintiff to proceed pro se. (Doc. 112 at 3.) On December 13, 2016, Anderson submitted proof that Cheval was switched to a sole proprietorship. (Doc. 113.) The Court has not yet formally granted Plaintiff's motion to proceed pro se, but will do so in this Order.

the subpoena of financial information from Anderson's accountant/tax attorney is moot now that Defendants have been provided with all of Anderson's available financial information.

Finally, the parties agreed to work on ensuring that Anderson obtains legible copies of the documents produced by Defendants in discovery.  Accordingly,

IT IS ORDERED:

1. That Defendants' Motion to Dismiss Counts I and II of the Amended Complaint Against Defendant Rebecca Minard (doc. 90) is denied.

2. That Plaintiff's Motion for Leave to Take Deposition of Rebecca Minard (doc. 94) is granted.

3. That the Motion for Order Allowing August Anderson to turn Cheval into a Sole Proprietorship (doc. 104) is granted, and hereinafter the named Plaintiff in this case will be "August K. Anderson, d/b/a/ Cheval International, a sole proprietorship," as set forth in the caption above.

4. That Defendants' Motion to Compel (Doc. 126) is moot.

5. That on or before Friday, March 24, 2017, Defendants shall submit to the Court for in camera inspection a Bates stamped copy of all documents designated as Attorneys' Eyes Only and not produced to Plaintiff.

6. That the parties shall cooperate to ensure that Plaintiff obtains legible copies of documents provided by Defendants in discovery.

Dated this 17th day of March, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)          DEPUTY

3